IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                CR No. 04-1464 JH (ACE)

ANDREW TODD AINSWORTH,

        Defendant.

**<u>SENTENCING MEMORANDUM</u>**

       COMES NOW the Defendant, Andrew Todd Ainsworth, through his attorney, Alonzo J. Padilla, Assistant Federal Public Defender and submits this sentencing memorandum for the Court to consider prior to the sentencing hearing. On behalf of Mr. Ainsworth, counsel requests that the Court impose a reasonable sentence that is less than the one-hundred fifty-one (151) months recommended by the sentencing guidelines for a career offender.

**I.    INTRODUCTION AND BACKGROUND.**

       1.      At age 42, Mr. Ainsworth faces a substantial sentence based upon the Probation Officer's conclusion that he is a career offender. Mr. Ainsworth was convicted of a bank robbery that occurred in 1990 in the District of Nebraska and a second bank robbery that Mr. Ainsworth committed in 1992, in the District of Minnesota. Because the offenses occurred in two (2) different states involving two (2) different sentencing judges, Mr. Ainsworth received a substantially longer sentence than most individuals would receive at that point in time for two (2) bank robberies. In the District of Nebraska, Mr. Ainsworth received a

sentence of one hundred thirty (130) months. He pled guilty to bank robbery and use of a firearm during the commission of that offense. Shortly after receiving the sentence in that district, Mr. Ainsworth was returned to the District of Minnesota where he received a sentence of fifty-one (51) months for his plea to bank robbery, which was ordered to run consecutive to the previous sentence of one hundred thirty (130) months imposed by the Judge in the District of Nebraska. In total, he received a sentence of one hundred eighty-one (181) months for two (2) prior bank robberies committed in the early nineties at a time that he was not a career offender. After earning good time, Mr. Ainsworth served approximately thirteen (13) years in federal prisons and had been released to serve out the remainder of his sentence at a Halfway House in Iowa. Unfortunately, Mr. Ainsworth did not complete his sentence as he walked away from the Halfway House before his sentence was completed. In addition to pleading guilty to bank robbery in this district, Mr. Ainsworth also entered a plea to the charge of escape, under Rule 20 of the Federal Rules of Criminal Procedure.

    2.    Mr. Ainsworth had no prior criminal history before committing the two (2) bank robberies in Nebraska and Minnesota. If he were not a career offender he would be in criminal history Category IV, due to the two prior bank robbery.

    3.    In the most recent bank robbery committed in the District of New Mexico, Mr. Ainsworth entered a branch of the Bank of Albuquerque and robbed it of $1,255. However, the teller was able to place in the money given to Mr. Ainsworth an electronic tracking device which resulted in his arrest in less than thirty (30) minutes following the commission

of the bank robbery. All of the money was recovered. In the course of committing the bank robbery, Mr. Ainsworth did not possess a firearm and did not threaten the tellers in any way. Unfortunately, as a result of committing this most recent bank robbery, he faces a substantial sentence if the Court determines he should be sentenced pursuant to the guidelines applicable to a career offender. Although Mr. Ainsworth acknowledges that he did commit a stupid act by again robbing a bank, particularly after he had finished serving a lengthy sentence for two (2) prior bank robberies, he requests that the Court determine that a reasonable sentence in his case would be a sentence that is less than one hundred fifty-one (151) months. Mr. Ainsworth is aware that the Court is within its power to impose a sentence that is recommended by the Federal Sentencing Guidelines for a career offender, however, he asks the Court to consider the lengthy sentence that he already served (13 years) and reduce his sentence to eight (8) years.

4.     Although Mr. Ainsworth may be a career offender, he is atypical in the sense that he had no criminal history whatsoever prior to committing the two (2) bank robberies in 1990 and 1992. Furthermore, he is a veteran who served this country for approximately four (4) years in the United States Army. He was injured while on active duty and is currently receiving a small disability pension for the injury he suffered.

5.     Mr. Ainsworth was adopted at an early age after he was abandoned by his parents in Korea. The family that adopted him lived in Nebraska and for reasons unknown he was never able to fit into the lifestyle of his siblings and parents. He always felt like an

outcast and was never comfortable at home. Furthermore, during his teen years, he was thrown out of the family home by his father, and since that event never felt that he had any place he could call home. Unfortunately, for the last thirteen (13) years, prior to his arrest in this case, his home was various penitentiaries where he was serving the sentence imposed for the previous two bank robberies. It now appears he will be returning to a federal prison. However, he requests that the Court take into consideration his background, the previous sentences he received and impose a of ninety-six (96) months.

## II.   REQUEST FOR IMPOSITION OF A REASONABLE SENTENCE.

6.     As a result of the decision in the *United States v. Booker*, 125 S.Ct. 738 (2005), this Court is now in a position of imposing a sentence looking at all the factors set forth in 18 U.S.C. § 3553, not just the sentence recommended in the Advisory Federal Sentencing Guidelines for a person who is a career offender. Those factors include the need for the sentence imposed (a) to reflect the seriousness of the offense; (b) to afford adequate deterrence to future criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational training, medical care, or other correctional treatment in the most effective manner.

7.     With regard to the above, any sentence in excess of five (5) years for a bank robbery committed without the use of a firearm and without any threats to the teller, will reflect the seriousness of the offense, will promote respect for the law and will provide just punishment for the offense in question. Furthermore, it is unlikely, considering the amount

of time Mr. Ainsworth has already served on the two (2) previous bank robberies that he will commit a criminal offense in the future knowing that he would receive a long sentence given his prior criminal history. Sending Mr. Ainsworth to prison for eight (8) years would protect the public from further crimes of the defendant. More importantly, the sentence imposed would be sufficient to provide this defendant with needed educational or vocational training so that when he is released from prison, he will be in a position to find employment that will provide him with the means to support himself.

8. Section 18 U.S.C. § 3553, also requires a Judge to consider the nature and circumstances of the offense and the history and characteristics of the Defendant. In this particular case, Mr. Ainsworth has pled guilty to bank robbery and escape and will be sentenced on May 23, 2005. Although he is technically a career offender under the sentencing guidelines, it is clear from looking at his criminal history prior to the commission of the first bank robbery in 1990, that he was a law abiding citizen and a man who served this country honorably, even though he was born in Korea. The Court can certainly take into consideration the fact that Mr. Ainsworth had no prior criminal history before committing the offenses described in the Presentence Report. The lack of any criminal history is certainly outside the heartland of cases normally seen by Courts where individual's typically have a long history of various criminal offenses leading up to those serious offenses that result in the imposition of the career offender guidelines.

9. The various factors that the Court must consider in determining what a reasonable sentence is under § 3553 also include the need to avoid unwarranted sentencing disparity among Defendants with similar records who have been found guilty of similar conduct. In this case, this Court is asked to look carefully at the prior sentences that Mr. Ainsworth received for the bank robberies that occurred in 1990 and 1991. It is clear from a review of the two (2) sentences imposed in those two (2) prior cases, that he was not treated the same as other defendants charged with two (2) bank robberies. I do not think there is any question that if the two bank robberies had occurred in one state rather than two (2) different states, that Mr. Ainsworth would have received a concurrent sentence with a possible upward bump under the grouping section of the sentencing guidelines (see §3D1.1 to 3D1.5, U.S.S.G.). Should the Court consider this as a factor for reducing the sentence in this case, the Court would be justified particularly in view of the fact that similar offenses occurring in one state that were adjudicated using the grouping section of the sentencing guidelines would have resulted in a sentence of approximately ten (10) to eleven (11) years which is much lower than the actual sentence of one hundred eighteen (181) months or fifteen (15) years Mr. Ainsworth received as a result of being convicted in two separate states. In short, Mr. Ainsworth was not treated the same as similarly situated Defendants in 1990 and 1991. However, this Court has the power to remedy that inequity by giving him credit for the excessive sentence he received for the two (2) prior bank robberies. Given the fact that the second sentence of a fifty-one (51) month could have run concurrent to the bank robbery in

Nebraska, Counsel, on behalf of Mr. Ainsworth requests that the Court reduce the sentence of one hundred fifty-one (151) recommended by the guidelines by not less than fifty-one (51) months, which is the sentence he received in Minnesota for the bank robbery that was committed in that district in 1992. By granting such request, Mr. Ainsworth would be receiving a sentence of eight (8) years.

10.     The Court should also look at the total sentence that Mr. Ainsworth could have received for three (3) bank robberies and compare that to what similar Defendants have received in other cases where bank robberies of a multiple nature were involved. In this particular case, if Mr. Ainsworth receives the minimum sentence of one hundred fifty-one months (151) under the advisory sentencing guidelines for a career offender, together with the one hundred and eighty-one (181) months he received for the two prior bank robberies, his total sentence will amount to a sentence of more than twenty-seven (27) years. This is a sentence in excess of any sentence a person would have received for second degree murder involving multiple victims.[1] Furthermore, a sentence of twenty-seven (27) years for three (3) bank robberies, greatly would exceed any sentence that a child sex abuser receives in this district even for multiple charges involving one or more children. It would also be a sentence greatly in excess of what a person would receive for a conviction for involuntary or voluntary manslaughter. In most instances, a Defendant charged with involuntary manslaughter would

---

[1] As an example, in the case of *United States v. Lloyd Larson*, CR 02-208 LH, a Defendant in this district received a sentence of twenty (20) years after pleading guilty to four (4) counts of second degree murder arising from his conduct of driving intoxicated on the wrong side of the interstate.

receive an average sentence in the range of eighteen (18) months in this District. In a case involving voluntary manslaughter, a sentence would likely not exceed seven (7) years. In short, the sentences that Mr. Ainsworth could receive for three (3) bank robberies, greatly exceeds the sentence he would have received for offenses involving much more egregious conduct including the loss of life and the molestation of young children. Mr. Ainsworth is not downplaying the seriousness of his offenses, but does feel that a sentence of twelve and a half (12½) years, which is the bottom of the guidelines for a career offender is extreme, and unreasonable when compared to the type of sentences that other people receive for more seriousness offenses. With that said, Mr. Ainsworth requests that the Court impose a sentence in the range of eight (8) years, which is reasonable considering not only the offense committed in this case which did not involve a firearm or threats to the victim, but the previous sentences he received that amounted to a sentence of one hundred eighty-one (181) months or fifteen (15) years.

In summary, the Court is in the position of imposing a reasonable sentence in this case that meets all of the factors set forth in 18 U.S.C. § 3553, while also taking into consideration the excessive sentence that Mr. Ainsworth received for his two prior bank robberies. On

behalf of Mr. Ainsworth's counsel's request that the Court impose a sentence of not more than eight (8) years.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| I hereby certify that a true copy of the foregoing pleading was faxed to J. Miles Hanisee, Assistant U.S. Attorney and Theresa Pena of U.S. Probation on this 16th day of May, 2005. | FEDERAL PUBLIC DEFENDER<br>111 Lomas NW, Suite 501<br>Albuquerque, NM 87102<br>(505) 346-2489 |
| [Electronically filed] | [Electronically filed]<br>ALONZO J. PADILLA<br>Attorney for Defendant |

9